

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
90 State House Square
8th Floor
Hartford, CT 06103-3708
Tel 860 522-0404
Fax 860 247-1330
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NEW ORLEANS, LA | RAPID CITY, SD |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW YORK, NY | RICHMOND, VA |
| ATLANTA, GA | HARTFORD, CT | NORFOLK, VA | SACRAMENTO, CA |
| AUSTIN, TX | HOUSTON, TX | OMAHA, NE | SAINT LOUIS, MO |
| BALTIMORE, MD | INDIANAPOLIS, IN | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORLANDO, FL | SAN FRANCISCO, CA |
| BOSTON, MA | LAS VEGAS, NV | OVERLAND PARK, KS | SAN JUAN, PR |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | STAMFORD, CT |
| CLEVELAND, OH | MEMPHIS, TN | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MIAMI, FL | PORTLAND, OR | WASHINGTON, DC REGION |
| DAYTON, OH | MILWAUKEE, WI | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MINNEAPOLIS, MN | PROVIDENCE, RI | |
| DETROIT, MI | MORRISTOWN, NJ | RALEIGH-DURHAM, NC | |

November 30, 2016

**VIA ECF**
The Honorable Jeffrey A. Meyer
Richard C. Lee United States Courthouse
141 Church Street
New Haven, CT 06510

           Re:  Danielle Barnett v. Shea's American Grille, LLC
               USDC: 3:2016cv00831 (JAM)

Dear Judge Meyer:

      Pursuant to the parties' stipulation filed previously with this Court (dkt. 39), the Parties engaged in good-faith discussions regarding the Notice content, Consent to Join content, and Notice process.  The Parties made substantial progress and agreed upon the Notice and Consent to Join that should be used.  *See* Exhibits 1 and 2.  In addition, the Parties made substantial progress on the Notice process and agreed on all the terms of the process, except for whether there should be a reminder notice sent to anyone in the putative collective who did not opt into the case (Plaintiff's position; *see* Exhibit 3(a)) or the notice should issue once (Shea's position; *see* Exhibit 3(b)).

      The parties' respective positions on this one area of disagreement are outlined below.

      **A.  Plaintiff's Position:**

      The parties agree on all issues relating to the Notice of Pendency, Consent to Join, and Proposed Order except for one item in the Order regarding the Court's authorizing the Plaintiff to send a second notice to potential opt-in plaintiffs.

      Plaintiff respectfully requests that the Court permit the sending of a second or "reminder notice" to potential opt-in plaintiffs within 30 days of the first notice mailing.  Courts frequently order such a reminder notice to be sent in order to increase the likelihood that potential opt-in plaintiffs will actually receive notice particularly where, as here, the second notice is being sent and paid for by the plaintiff's attorneys.

The second notice is especially important here to alert the servers, bartenders, and other restaurant hourly employees of the existence of the lawsuit.  Pursuant to the Stipulation and Proposed Order filed on November 17, 2016, "Plaintiffs and their attorneys have agreed that they will not initiate contact with members of the putative class, who have not already joined the action as op-in plaintiffs, outside the court authorized notice process."  Notice by the court authorized method is the sole method and thus vital.

Moreover, providing notice in general will be difficult because Defendant's counsel has indicated that his client may not be in possession of e-mail addresses.  Thus, a second notice promotes the goals of 29 U.S.C. §216(b) of the Federal Labor Standards Act to inform potential opt-ins of their rights in connection with this action.

Courts in this Circuit frequently permit the sending of such a reminder notice.  *See*, *e.g.*, *Lassen v. Hoyt Livery, Inc.*, No. 3:13-01529, 2014 U.S. Dist. LEXIS 129784, at *21 (D. Conn. Sept. 17, 2014) (Meyer, J.) (approving second notice 30 days after the initial notice where the notice period was 60 days); *Strauch v. Computer Scis. Corp.*, No. 3:14-956, 2015 U.S. Dist. LEXIS 76995, at *15 (D. Conn. June 9, 2015) (Arterton, J.) (noting the FLSA's intention of informing as many potential plaintiffs as possible and finding a reminder notice appropriate).  *See also Agerbrink v. Model Serv. LLC*, No. 14-7841, 2016 U.S. Dist. LEXIS 12486, at **27-29 (S.D.N.Y. Feb. 2, 2016) (overruling defendants' objections to a reminder notice in view of "the salutary purpose of notice in collective actions"); *Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 274-75 (S.D.N.Y. 2012) (rejecting Defendants' contentions that a second notice would badger prospective plaintiffs or represent "another bite at the apple" and finding the additional notice to be in keeping with the FLSA's intent of informing as many potential plaintiffs as possible of the collective action).

Consequently, attached to this joint letter as Exhibit 3(a) is the Plaintiff's Proposed Order containing a provision for a reminder notice in paragraph 7.  Plaintiff respectfully requests that the Court sign her proposed order.

### B. Defendant's Position: A Second Notice Would Prejudice Shea's, And Plaintiffs Do Not Have Any Evidence That The Typical Notice Process Of Sending Notice Once Will Be Ineffective Here

The Parties spent significant time discussing the FLSA Notice in this case and have ensured that it is clear and understandable.  The Parties also agreed on a 60 day notice period, which is a long notice period in light of fact that Shea's has one location in Connecticut and the vast majority of the putative collective lives in or near Connecticut.  *See Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 181 (S.D.N.Y. 2014) ("The Proposed Notice and attached opt-in form shall also state that individuals may opt in to the collective action within 45 days after the mailing date").  In addition, the Parties discussed a process whereby Plaintiff's counsel could follow up with any potential class members who's Notices were returned as "undeliverable."  Consequently, as discussed below, there is no compelling reason why this Court should deviate

from the normal process of issuing notice once.

"The purpose of the Notice is simply to inform potential class members of their rights. Once they receive the information, it is their responsibility to act as they see fit." *Witteman v. Wis. Bell, Inc.*, No. 09-cv-440-vis, 2010 U.S. Dist. LEXIS 8845, *9 (W.D. Wis. Feb. 2, 2010) (rejecting the plaintiff's application to send a reminder notice); *Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 219 (E.D. Mich. 2010) (citing *Witteman* and rejecting circulation of reminder notice); *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746 (N.D. Ill. 2010) (same).

Reminder notices are generally "unnecessary and potentially could be interpreted as encouragement by the Court to join the lawsuit." *Smallwood*, 710 F. Supp. 2d 746, 753-54 (N.D. Ill. 2010). Courts recognize that a second, reminder Notice inherently suggests to the recipient that he or she did something wrong when he or she chose to disregard the first Notice. As such, a second Notice may bring up participation rates, but for the wrong reasons. Indeed, many courts considering this issue have rejected a second mailing. *See, e.g.*, *Witteman*; *Wlotkowski*; *Smallwood*; *Sharpe v. APAC Customer Servs.*, No. 09-CV-329-bbc, 2010 U.S. Dist. LEXIS 95377 (W.D. Wis. Mar. 29, 2010) ("At this stage, I will grant defendant's request and limit plaintiff's contact with potential class members to the one-time mailing of the approved notice"); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 164 (N.D.N.Y 2008) (noting that failure to limit notification to a single process would be dissonant with the intent of the FLSA statute that the Court play a significant role in prescribing the terms and conditions of communications from the named plaintiffs to the potential members of the class on whose behalf the collective action was commenced); *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 U.S. Dist. LEXIS 31887 (N.D. Ohio Apr. 15, 2009) (denying supplemental notice even as to those individuals who did not receive initial notice); *Knispel v. Chrysler Group LLC*, No. 11–CV–11886, 2012 WL 553722, at *8 (E.D.Mich. Feb. 21, 2012) ("There shall not be any 'reminder notice' provided. Plaintiffs have requested such reminder notices in other cases in this district and those requests have been denied because they are unnecessary and could potentially be interpreted as encouragement by the Court to join the lawsuit.").

Moreover, during the discussion of the notice content and process, the Parties agreed that if any notice is returned to counsel for Plaintiffs as "undeliverable," Plaintiffs will inform counsel for Shea's and use supplemental measures to track down the contact information for these specific individuals and resend the notice. *See Adoma v. Univ. of Phoenix, Inc.*, No. s-10-0059 LKK/GGH, 2010 U.S. Dist. LEXIS 114503 (E.D. Cal. Oct. 14, 2010) (ordering second mailing only where initial mailing was "returned as undeliverable").

At this point (i.e. prior to the notice process commencing), any reason Plaintiffs raise in support of sending a second notice is premature as such reason will be purely hypothetical or speculative. For example, Plaintiffs may assert that some recipients of the Notice may disregard the first notice as junk mail. Yet, such assertions are irrelevant for *this* case. There is no evidence that *this* putative collective will be confused or *this* putative collective will think the Notice is junk mail. *See Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 358

Judge Meyer
November 30, 2016
Page 4

(E.D.N.Y. 2012) (denying "Plaintiffs' request to send a reminder notice" because they had "not identified any reason why a reminder notice is necessary in this particular case"). Regardless, any hypothetical arguments will miss the point since any such argument will fail to explain or demonstrate how or why the views of putative collective members would be changed with a second Notice. As discussed above, if a second Notice increases the opt-in rate, it may be for the wrong reasons.

The purpose of the Notice is to inform potential class members of their rights, not to drive up participation rates of as many individuals as possible, even if it includes individuals who are not interested in joining or who may not be similarly situated to the named Plaintiff. Consequently, because the Notice content was agreed upon by the Parties, the putative collective is local to Connecticut, and the parties agreed upon a long 60-day notice process, Shea's respectfully requests that this Court follow the typical notice process in this FLSA collective action and order that notice be issued once, as articulated in Exhibit 3(b) to this letter.

\*     \*     \*

Respectfully submitted,

*/s/ David R. Golder*
David R. Golder

*/s/ Laurie Rubinow*
Laurie Rubinow

cc: Counsel of Record (via ECF)
4849-9422-9565, v. 1